UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELEMENT SIX, S.A.,

    Plaintiff,

v.

FRANKE FOODSERVICE SYSTEMS, INC.,

    Defendant.

CIVIL ACTION NO.

## VERIFIED COMPLAINT AND LIMITED APPEARANCE TO STAY ARBITRATION PROCEEDINGS

### INTRODUCTION

1. Pursuant to Massachusetts General Laws Chapter 251, § 2(b) and 9 U.S.C. § 4, foreign-plaintiff Element Six, S.A. (Element Six) brings this action against defendant Franke Foodservice Systems, Inc. (Franke) for the limited purpose of seeking to stay arbitration proceedings initiated by Franke against Element Six before the American Arbitration Association (AAA) in Boston, Massachusetts. Element Six seeks to stay the arbitration proceeding against it on the grounds that Element Six is not a party to any arbitration agreement with Franke and is not subject to personal jurisdiction in the Commonwealth of Massachusetts. This judicial proceeding is necessary because the panel of arbitrators appointed by the AAA to preside over the arbitration declined to act upon Element Six's objection and dismiss the demand for arbitration as permitted by the AAA Commercial Arbitration Rules And Mediation Procedures (Commercial Rules). In bringing this complaint, Element Six does not waive, and expressly reiterates and reserves, its objection to the exercise of jurisdiction over it in this Commonwealth.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Element Six, S.A. is a corporation organized and existing under the laws of Luxembourg registered in Luxembourg as a société anonyme under R.C.S. Luxembourg No. B93181 having its registered office at 48 rue de Bragance, L-1255 Luxembourg. Element Six is not licensed or registered to transact business in Massachusetts; does not transact or solicit business in Massachusetts; does not have an agent for service of process in Massachusetts; does not have any offices or employees in Massachusetts; does not own or lease any real property or personal property in Massachusetts; does not maintain any bank accounts in Massachusetts; does not have a telephone listing in Massachusetts; does not sell services in Massachusetts; and does not advertise in Massachusetts.

3. Defendant Franke Foodservice Systems, Inc. is, upon information and belief, a corporation organized under the laws of the State of Delaware, with a principal place of business at 310 Tech Park Drive, La Vergne, Tennessee 37086. Franke's contacts with this forum, including through conducting business in Massachusetts, entering into contracts with companies in Massachusetts that provide for the application of Massachusetts law, operating an office and employing personnel in Massachusetts, and commencing arbitration proceedings against Electrolytic Ozone, Inc. (EOI) and Element Six in Boston, Massachusetts, are sufficient to subject it to personal jurisdiction in this forum.

4. EOI is a corporation organized under the laws of the State of Delaware. Its principal place of business is 66J Concord Street, Wilmington, Massachusetts 01887. EOI is an indirect subsidiary of Element Six.

5. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and Franke seeks damages in excess of $75,000. Jurisdiction also exists under 9 U.S.C. § 1 *et seq.*

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because the underlying arbitration is taking place in Boston, Massachusetts.

## FACTS APPLICABLE TO ALL ACCOUNTS

### I. The Sales and Service Agreement Between EOI and Franke

7. Franke and EOI entered into a "Sales and Services Agreement" dated September 1, 2011 (Agreement) in connection with the development of products and the provision of services for industrial icemakers. Franke and EOI are the only parties and signatories to the Agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

8. The Agreement contains an arbitration provision which provides, in pertinent part, as follows:

> ALL DISPUTES OF ANY NATURE BETWEEN VENDOR [EOI] AND FRANKE ARISING UNDER, OR IN CONNECTION WITH, THIS AGREEMENT SHALL BE RESOLVED EXCLUSIVELY THROUGH FINAL AND BINDING ARBITRATION....
>
> \* \* \*
>
> THE ARBITRATOR SHALL APPLY THE SUBSTANTIVE LAW OF THE COMMONWEALTH OF MASSACHUSETTS....

Ex. A, § 13.

9. Element Six is not a party or signatory to the Agreement. Indeed, Element Six is not a party to any agreements of any kind with Franke. Nor is Element Six a party to any contract, license, supply agreement, or agreements of any kind with EOI to supply any products, services, intellectual property, support, or materials needed by EOI to fulfill its obligations under the Agreement. Element Six has not agreed to arbitrate any claims asserted against it by Franke.

## II. Franke's Arbitration Demand and Element Six's Objection

10. On January 14, 2014, Franke submitted a demand for arbitration against EOI and Element Six to the AAA. The demand identified Boston, Massachusetts as the venue for the arbitration hearing. A true and accurate copy of Franke's Demand for Arbitration is attached hereto as **Exhibit B**.

11. In its demand, Franke alleges that EOI anticipatorily repudiated the Agreement and seeks specific performance of the Agreement and/or $61 million in damages. Ex. B. Although Element Six is not a party to the Agreement, Franke nonetheless contends that Element Six is a proper party to the arbitration under theories of alter ego, third-party beneficiary, estoppel or agency. *Id.*

12. On January 30, 2014, Element Six objected to Franke's arbitration demand insofar as it sought to enforce the arbitration provision in the Agreement against Element Six on the grounds that Element Six is not a party to the Agreement and did not otherwise agree to arbitrate, it is not subject to the jurisdiction of the AAA or any arbitrator appointed under the Agreement, and that theories of liability asserted against Element Six are beyond the authority of an arbitrator to decide. A true and accurate copy of Element Six's Objection to Demand for Arbitration and Request for Dismissal is attached hereto as **Exhibit C**.

13. On March 28, 2014, Franke submitted an amended arbitration demand that added a claim for breach of warranty under the Agreement. A true and accurate copy of Franke's Amended Demand for Arbitration is attached hereto as **Exhibit D**. The breach of warranty claim relates to alleged defects in products supplied to Franke by EOI. Ex. C 20–24. EOI has denied each of Franke's claims and asserted various defenses in the arbitration proceedings.

14. On April 11, 2014, Element Six objected to Franke's amended arbitration demand insofar as it sought to enforce the arbitration provision in the Agreement against Element Six. A true and accurate copy of Element Six's objection to Franke's Amended Arbitration Demand is attached hereto as **Exhibit E**.

15. Rule 7(c) of the AAA Commercial Arbitration Rules requires only that a party who objects to AAA jurisdiction file its objection no later than the due date of the answering statement, and empowers the arbitrator to "rule on such objection[] as a preliminary matter...." Element Six timely filed its objection to Franke's demand for arbitration.

16. A three member panel of arbitrators was confirmed by AAA to preside over the arbitration on July 10, 2014. An initial scheduling conference before the AAA took place on July 23, 2014.

17. During the conference, and despite its authority under Rule 7(c) of the Commercial Arbitration Rules, the AAA panel declined to act on Element Six's objection, leaving Element Six with the option of seeking judicial intervention to stay the arbitration proceedings, or risk the entry of a default award against it.

## CAUSES OF ACTION

### COUNT I
### (Federal Arbitration Act)

18. Element Six realleges and incorporates by reference the allegations contained in paragraphs 1 through 17.

19. Pursuant to 9 U.S.C. § 4, upon application, the court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate.

20. Element Six has not agreed to arbitrate any claims brought against it by Franke.

21. Element Six is not a signatory or party to any agreement containing an agreement to arbitrate any claims brought against Element Six by Franke.

22. The arbitration proceedings brought by Franke against Element Six must be stayed.

## COUNT II
### (Massachusetts Arbitration Act)

23. Element Six realleges and incorporates by reference the allegations contained in paragraphs 1 through 22.

24. Pursuant to Massachusetts General Laws Chapter 251, § 2(b), upon application, the court may stay an arbitration proceeding commenced or threatened if it finds that there is no agreement to arbitrate.

25. Element Six has not agreed to arbitrate any claims brought against it by Franke.

26. Element Six is not a signatory or party to any agreement containing an agreement to arbitrate any claims brought against Element Six by Franke.

27. The arbitration proceedings brought by Franke against Element Six must be stayed.

### RELIEF SOUGHT

WHEREFORE, Element Six respectfully requests that the Court:

1. As to Count I, stay the arbitration proceedings brought by Franke against Element Six in all respects in accordance with 9 U.S.C. § 4;

2. As to Count II, stay the arbitration proceedings brought by Franke against Element Six in all respects in accordance with Massachusetts General Laws ch. 251, § 2(b); and

3. Grant other such further relief as it deems just and appropriate.

Respectfully submitted,

ELEMENT SIX, S.A.
By its attorneys,

/s/ John F. Farraher, Jr.
Terence P. McCourt (BBO# 555784)
John F. Farraher, Jr. (BBO # 568194)
Russell P. Plato (BBO # 671087)
GREENBERG TRAURIG LLP
One International Place
Boston, Massachusetts 02110
(617) 310-6000

DATED: September 10, 2014

## VERIFICATION

I, Lynsey Blair, hereby verify under oath that I have read the Verified Complaint and have been duly authorized by the Element Six, S.A. to sign this Verified Complaint on its behalf. I further verify that the allegations of fact stated in the Verified Complaint are known to me to be true, except as to those based upon information and belief, which I believe to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10th DAY OF SEPTEMBER, 2014.

Lynsey Blair