UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEMENT SIX, S.A., <br><br> Plaintiff, <br><br> v. <br><br> FRANKE FOODSERVICE SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 14-13600 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO STAY ARBITRATION PROCEEDINGS</u>**

Defendant Franke Foodservice Systems, Inc. (Franke) entered into a sales and service agreement with Electrolytic Ozone, Inc. (EOI) in 2011. That agreement included a provision requiring that any disputes between EOI and Franke arising under the agreement be submitted to arbitration. When disputes developed between EOI and Franke, Franke initiated arbitration proceedings against EOI before the American Arbitration Association (AAA) in Boston, Massachusetts.

In addition to seeking arbitration against EOI, however, Franke also demanded arbitration against Element Six. EOI is an indirect subsidiary of Element Six. Element Six, however, was not a party to the sales and service agreement between Franke and EOI, and it is not a party to any other agreement with Franke. Element Six is a foreign party not subject to personal jurisdiction in the Commonwealth of Massachusetts. Despite having been informed of these facts, Franke persists in its efforts to subject Element Six to arbitration proceedings. As a result, Element Six must now seek the intervention of this Court to order Franke to cease its efforts to arbitrate its putative claims against Element Six.

## BACKGROUND

### I. The Sales and Service Agreement Between EOI and Franke

In 2011, Franke and EOI entered into a "Sales and Services Agreement" (Agreement) related to the development of products and the provision of services for industrial icemakers. Verified Compl. ¶ 7 & Ex. A.  Franke and EOI are the only parties and signatories to the Agreement. *Id.*

The Agreement contains an arbitration provision that states that "all disputes of any nature between [EOI] and Franke arising under, or in connection with, this agreement shall be" resolved through binding arbitration.  Verified Compl. ¶ 8 & Ex. A.

Element Six is not a party or signatory to the Agreement, or to any agreements of any kind with either Franke or EOI.  Verified Compl. ¶ 9.  Indeed, Element Six is not a party to any agreements of any kind with Franke.  Nor is Element Six a party to any contract, license, supply agreement, or agreements of any kind with EOI to supply any products, services, intellectual property, support, or materials needed by EOI to fulfill its obligations under the Agreement.  *Id.*

Element Six has not agreed to arbitrate any claims asserted against it by Franke.  Element Six is a corporation organized and existing under the laws of Luxembourg.  Verified Compl. ¶ 2.  It does not conduct business or any operations in the Commonwealth of Massachusetts.  *Id.*  Most importantly, it has not agreed to arbitrate any claims asserted against it by Franke.  *Id.* ¶ 9.

### II. Franke's Arbitration Demand and Element Six's Objection

On January 14, 2014, Franke submitted a demand for arbitration against EOI and Element Six to the AAA.  Verified Compl. ¶ 10 & Ex. B.  In its demand, Franke alleges that EOI anticipatorily repudiated the Agreement and seeks specific performance of the Agreement and/or $61 million in damages.  *Id.* ¶ 11 & Ex. B.  Although Element Six is not a party to the

Agreement, Franke contends that Element Six is a proper party to the arbitration under theories of alter ego, third-party beneficiary, estoppel, or agency. *Id.* Franke submitted an amended arbitration demand on March 28, 2014. *Id.* ¶ 13 & Ex. D.

Element Six has objected to both of Franke's demands for arbitration insofar as they seek to enforce the arbitration provision in the Agreement against Element Six. Element Six has argued that Element Six is not a party to the Agreement and did not otherwise agree to arbitrate, that it is not subject to the jurisdiction of the AAA or any arbitrator appointed under the Agreement, and that the theories of liability asserted against Element Six are beyond the authority of an arbitrator to decide. Verified Compl. ¶¶ 12, 14 & Exs. C, E.

An initial scheduling conference before the AAA took place on July 23, 2014. Verified Compl. ¶ 16. During the conference, and despite its authority under Rule 7(c) of the Commercial Arbitration Rules, the AAA panel declined to act on Element Six's objection, leaving Element Six with the option of seeking judicial intervention to stay the arbitration proceedings, or otherwise risking the entry of a default award against it. *Id.* ¶ 17.

## ARGUMENT

Element Six is not a party to the Agreement between Franke and EOI that includes the arbitration provision that Franke has invoked in demanding arbitration. Under the Federal Arbitration Act and Massachusetts law, Element Six therefore cannot be required to submit to arbitration before the AAA. A party can be required to arbitrate a dispute only if the party "has contracted to do so." *Gateway Coal Co.* v. *United Mine Workers of Am.*, 414 U.S. 368, 374 (1974). Where, as here, there is no contractual agreement to arbitrate, the party "cannot be required to submit to arbitration." *AT&T Techs., Inc.* v. *Commc'ns Workers of Am.*, 475 U.S.

643, 648 (1986) (citation and internal quotation marks omitted); *see also Rae F. Gill, P.C.* v. *DiGiovanni*, 34 Mass. App. Ct. 498, 501 (1993) (same).

Moreover, contrary to the AAA panel's apparent belief that it has the authority to decide whether Franke's claims against Element Six are arbitrable despite the lack of a contractual agreement, whether a party has entered into an agreement to arbitrate "is *undeniably* an issue for judicial determination." *AT&T Techs.*, 475 U.S. at 649 (emphasis added). Thus, where a party—such as Franke—demands arbitration based on the alleged alter ego status of a respondent—such as Element Six—that is not a party to the agreement, the arbitrator has "no authority" to make a determination on the threshold question of alter ego status. *Bros. Bldg. Co. of Nantucket, Inc.* v. *Yankow*, 56 Mass. App. Ct. 688, 694–95 (2002). Federal law favors arbitration of disputes, but that policy "does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear." *McCarthy* v. *Azure*, 22 F.3d 351, 355 (1st Cir. 1994); *see also Computer Corp. of Am.* v. *Zarecor*, 16 Mass. App. Ct. 456, 460 (1983) (observing that "only *the parties* are deemed to have consented in advance to arbitrate any dispute which they cannot settle" (internal quotation marks omitted)).

Making those determinations may be done by an arbitrator rather than the court only in the rare circumstances where "the parties clearly and unmistakably [so] provide." *AT&T Techs.*, 475 U.S. at 649. Nothing in the Agreement or in Element Six's conduct suggests that Element Six—which, again, is *not a party to the Agreement or its arbitration provision*—has agreed to have an arbitrator decide whether it is nonetheless subject to arbitration. The AAA panel therefore lacks jurisdiction to decide whether Element Six may be subjected to arbitration.

## CONCLUSION

A party cannot be subjected to the jurisdiction of an arbitration proceeding in the absence of an agreement to arbitrate disputes. Element Six has entered into no such agreement with Franke. And although Franke included in its arbitration demand a cursory assertion that Element Six is subject to the arbitration provision in the Agreement despite not being a party to it, the validity of that assertion must be determined by the Court, not the arbitrator. Element Six therefore respectfully asks that the Court order a stay of the arbitration proceeding that Franke has initiated against it.

Respectfully submitted,

ELEMENT SIX, S.A.
By its attorneys,

/s/ John F. Farraher, Jr.
Terence P. McCourt (BBO # 555784)
John F. Farraher, Jr. (BBO # 568194)
Russell P. Plato (BBO # 671087)
GREENBERG TRAURIG LLP
One International Place
Boston, Massachusetts 02110
(617) 310-6000

DATED:  September 10, 2014